Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4832
Facsimile: (702) 567-1568
Email: clg@h2law.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICARDO MARTINEZ HERRERA, an individual; and CAROLINE KAMM, an individual, <br><br> Plaintiffs, <br> vs. <br><br> RTIA SHOW, LLC, a Nevada limited liability company; KEVIN O'KEEFE, an individual; and BRIANA CAITLIN DOLAN, an individual; <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **(1) Violation of the Visual Artists Rights Act, 17 U.S.C. § 106A** <br> **(2) Negligence** <br> **(3) Gross Negligence** <br> **(4) Breach of Bailment** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs Ricardo Martinez Herrera and Caroline Kamm ("Plaintiffs"), by through their attorney of record the law firm of Howard & Howard Attorneys PLLC, for causes and action against Defendants RTIA Show, LLC ("RTIA"), Kevin O'Keefe, and Briana Caitlin Dolan (collectively, "Defendants"), complain and allege as follows:

**NATURE OF THE ACTION**

1.      This action arises from the destruction and mutilation of a large-scale sculptural work of recognized stature while it was in the exclusive custody and control of Defendants.

2.      Plaintiffs are the joint authors of *Ozymandias*, a sculpture and original work of visual art invited for exhibition at the Reno-Tahoe International Art Show. After accepting possession of *Ozymandias* and assuring Plaintiffs that it would be securely stored and protected, Defendants failed to provide even minimal safeguards.

HOWARD & HOWARD ATTORNEYS PLLC

3.      As a result of Defendants' acts and omissions, *Ozymandias* was intentionally or grossly negligently destroyed. Defendants neither protected the Work nor notified Plaintiffs when it was damaged, leaving them to discover the destruction through third parties.

4.      Defendants' conduct violated Plaintiffs' federally protected moral rights under the Visual Artists Rights Act ("VARA"), constituted gross negligence under Nevada law, and breached Defendants duties as bailees.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, including 17 U.S.C. § 106A.

6.      Upon information and belief, this Court may exercise personal jurisdiction over Defendants by virtue of Defendants committing acts in the State of Nevada which it knew or should have known would cause injury in Nevada. Additionally, personal jurisdiction is proper over RTIA because it is an entity incorporated in the State of Nevada, which maintains a principal place of business in the State of Nevada and this District. Further, jurisdiction is proper over Mr. O'Keefe and Ms. Dolan because, upon information and belief, both reside in Reno, Nevada.

7.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Nevada. Pursuant to LR IA 1-6, venue lies in the unofficial Northern Division of this judicial district.

## THE PARTIES

8.      Plaintiff Ricardo Martinez Herrera is a professional sculptor whose work has been featured in nationally and internationally recognized exhibitions and public art installations.

9.      Plaintiff Caroline Kamm is an arts management professional, whose own work has likewise been widely exhibited and commissioned.

10.     Plaintiffs are the joint authors and creators of *Ozymandias*, a sculpture and original work of visual art (the "Work" or "*Ozymandias*").

11.     Upon information and belief, Defendant RTIA Show, LLC is a Nevada limited liability company that organizes and operates the Reno-Tahoe International Art Show, a fine-art exhibition held annually in Reno, Nevada.

12. Upon information and belief, Defendant Kevin O'Keefe is an individual who, at all relevant times, resides in Reno, Nevada.

13. Upon information and belief, Defendant Briana Caitlin Dolan is an individual who, at all relevant times, resides in Reno, Nevada.

### FACTUAL ALLEGATIONS

14. *Ozymandias* is a large-scale sculptural work, measuring 14ft L x 10ft W x 13ft H, constructed from hundreds of aluminum tubes and created between April and August 2025.

15. At all relevant times, *Ozymandias* qualified as a "work of visual art" within the meaning of 17 U.S.C. § 101 and was a work of recognized stature under 17 U.S.C. § 106A(a)(3)(B).

16. The fair market value of the Work at the time of its destruction and mutilation was approximately $89,600.

17. Defendants invited Plaintiffs to exhibit *Ozymandias* at the 2025 Reno-Tahoe International Art Show.

18. In connection with that invitation, RTIA—by and through Mr. O'Keefe and Ms. Dolan—represented that the Work would be stored in a secure area adjacent to the Reno-Sparks Convention Center and protected by continuous onsite security.

19. Plaintiffs relied on these representations in agreeing to participate in the exhibition and in transporting the Work to Reno at significant expense.

20. On or about September 2, 2025, Plaintiffs delivered *Ozymandias* on a flatbed trailer to Defendants' designated storage location.

21. By accepting exclusive possession and control of the Work, Defendants entered into a bailment relationship with Plaintiffs and assumed a duty to exercise reasonable care for the Work's safekeeping.

22. While under Defendants' exclusive custody and control, and on or before September 7, 2025, the Work was severely damaged, mutilated, and partially destroyed.

23. Specifically, the crown and upper portions of the sculpture were removed entirely, and remaining components bore markings consistent with power-tool use.

24. Defendants did not notify Plaintiffs of the damage or destruction of the Work.

HOWARD & HOWARD ATTORNEYS PLLC

25. Plaintiffs first learned of the condition of their Work from third parties and fellow artists.

26. During the same period, Plaintiffs' flatbed trailer was stolen from the Defendants-controlled storage area.

27. Defendants failed to provide the promised security and failed to exercise even slight care in safeguarding Plaintiffs' property.

28. The mutilation and destruction of *Ozymandias* resulted in the total loss of the Work and its economic value.

29. The mutilation and destruction of the Work further caused Plaintiffs reputational and artistic harm, impairing the integrity of their creative expression and prejudicing their honor and standing as artists.

30. Upon information and belief, Defendants Mr. O'Keefe and Ms. Dolan were responsible for, personally participated in, directed, authorized, controlled, approved, or materially contributed to the acts complained of herein.

## FIRST CLAIM FOR RELIEF
### (Violation of the Visual Artists Rights Act (17 U.S.C. § 106A))

31. Plaintiffs re-allege and incorporate by reference each and every allegation set for in Paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth.

32. Plaintiffs are the joint authors of *Ozymandias*, a work of visual art of recognized stature.

33. VARA grants authors the right to prevent the intentional or grossly negligent destruction of such works. 17 U.S.C. § 106A(a)(3)(B).

34. Defendants' acts and omissions constitute gross negligence that resulted in the destruction and mutilation of *Ozymandias* while it was in Defendants' custody.

35. Defendants' grossly negligent conduct violated Plaintiffs' rights under VARA and caused Plaintiffs actual, reputational, and non-economic harm.

36. Plaintiffs are entitled to all relief available under VARA, including damages, statutory damages pursuant to 17 U.S.C. § 501, attorneys' fees, and appropriate equitable relief.

/ / /
/ / /
/ / /
/ / /

## SECOND CLAIM FOR RELIEF
### (Negligence)

37. Plaintiffs re-allege and incorporate by reference each and every allegation set for in Paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth.

38. Defendants owed Plaintiffs a duty to exercise reasonable care in the handling, storage, supervision, and protection of *Ozymandias* while the Work was in Defendants' custody and control.

39. Defendants breached that duty by failing to exercise reasonable care to safeguard the Work, including by failing to provide adequate security for the storage area in which the Work was placed.

40. While the Work was under Defendants' exclusive custody and control, and as a result of Defendants' failure to exercise reasonable care, *Ozymandias* was damaged, mutilated, and destroyed.

41. Defendants' negligence was a direct and proximate cause of Plaintiffs' damages.

42. As a result of Defendants' negligent acts and omissions, Plaintiffs suffered damages, including the loss and destruction of *Ozymandias* and related property, in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Gross Negligence)

43. Plaintiffs re-allege and incorporate by reference each and every allegation set for in Paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth.

44. At all relevant times, Defendants owed Plaintiffs a duty to exercise at least slight care in the handling, storage, and protection of *Ozymandias* while the Work was in Defendants' custody and control.

45. Defendants' conduct constituted gross negligence under Nevada law, reflecting a manifest failure to exercise even slight care and willful, wanton misconduct.

46. Defendants expressly represented that the Work would be stored in a secure location with continuous onsite security, yet failed to provide such security or to implement basic protective measures for valuable and irreplaceable artwork.

47.    While the Work was under Defendants' exclusive custody and control, and as a result of Defendants' grossly negligent acts and omissions, *Ozymandias* was damaged, mutilated, and destroyed.

48.    Defendants' gross negligence was a direct and proximate cause of Plaintiffs' damages.

49.    As a result of Defendants' gross negligence, Plaintiffs suffered damages, including the loss and destruction of *Ozymandias*, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Breach of Bailment)

50.    Plaintiffs re-allege and incorporate by reference each and every allegation set for in Paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth.

51.    A bailment was created when Plaintiffs delivered *Ozymandias* and related property to Defendants for exhibition and storage, and Defendants accepted possession and control of that property for a defined purpose.

52.    As bailee, Defendants owed Plaintiffs a duty to exercise reasonable care in safeguarding the bailed property and to return it in substantially the same condition in which it was received.

53.    While the Work was in Defendants' exclusive custody and control, and without fault on the part of Plaintiffs, *Ozymandias* was damaged, mutilated, and destroyed.

54.    Defendants failed to return the bailed property in substantially the same condition, thereby breaching its duties as bailee.

55.    Defendants' breach of bailment was a direct and proximate cause of Plaintiffs' damages.

56.    As a result of Defendants' breach, Plaintiffs suffered damages, including the loss and destruction of *Ozymandias* and associated property, in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, and award the following relief:

1.      Actual damages according to proof;

2.      Relief and damages available under the Visual Artists Rights Act, 17 U.S.C. § 106A, including statutory damages pursuant to 17 U.S.C. § 501.

3.      Reasonable attorneys' fees and costs as permitted by law;

4.      Pre- and post-judgment interest as allowed by law; and

5.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

DATED: August 12, 2026

**HOWARD & HOWARD ATTORNEYS PLLC**

By:      /s/ *Caleb L. Green*

Caleb L. Green, Esq.
Nevada Bar No. 15234
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 667-4832
Facsimile: (702) 567-1568
clg@h2law.com

*Attorneys for Plaintiffs*

4915-1327-7891,